### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

FREDERICK SHEPARD                          CIVIL ACTION NO. 5:16-CV-1766-P

VERSUS                                      JUDGE ELIZABETH E. FOOTE

DAVID WADE CORRECTIONAL CENTER    MAG. JUDGE KAREN L. HAYES

### REPORT AND RECOMMENDATION

Pro se Plaintiff Frederick Shepard (#375590) filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on December 28, 2016. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* on January 24, 2017 (Doc. 7). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. He complains that staff at DWCC misplaced some of his laundry. DWCC is the only named defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that he sent his clothing to laundry, and "the staff misplaced it." He asks that he "be issued the system support" from DWCC. (Doc. 1, p. 4).

### Law and Analysis

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 17(b) provides that the capacity to sue or be sued shall be determined by the law of the state in which the district court is located. Thus, Louisiana law governs whether the David Wade Correctional Center is an entity that has the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

A review of the Louisiana Secretary of State Corporations Database suggests that DWCC is not a corporation and thus, not a juridical person. Additionally, jails are not "persons" subject to liability under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). A jail is "not an entity, but a building." Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 549 (E.D. La. 2009); Jones v. St. Tammany Parish Jail, 4 F.Supp. 2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); Dale v. Bridges, No. 3:96-CV-3088-AH, 1997 WL 810033 at *1 n. 1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not an entity capable of being sued). Thus, Plaintiff cannot state a claim against the DWCC.

Even if Plaintiff had named a proper party defendant, his claim would still fail. Plaintiff alleges that some items of his laundry were misplaced by someone at DWCC, and not all items have been replaced. The prohibition against cruel and unusual punishment under the Eighth Amendment

"imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners." <u>Woods v. Edwards</u>, 51 F.3d 577, 581 (5th Cir.1995). Jails must provide inmates with "humane conditions of confinement," which include adequate clothing and "basic elements of hygiene." <u>Palmer v. Johnson</u>, 193 F.3d 346, 351–52 (5th Cir.1999). To demonstrate a constitutional violation due to the conditions of confinement, a prisoner must show (1) the alleged deprivation was "objectively, sufficiently serious," such as would "result in the denial of the minimal civilized measure of life's necessities," and that (2) the responsible prison official acted with deliberate indifference to the inmate's health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

Plaintiff alleges that someone at DWCC was negligent in misplacing some of his laundry. Plaintiff does not allege that any official acted with deliberate indifference. Nor has Plaintiff alleged that he was deprived the minimal civilized measures of life's necessities. Therefore, Plaintiff cannot state a constitutional claim.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's civil rights complaint be DENIED AND DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 21st day of February, 2017.

Karen L. Hayes
United States Magistrate Judge